**UNITED STATES DISTRICT**
**EASTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION**

**UNITED STATES OF AMERICA**

     **Plaintiff,**

                             **Case No: 06-20351**
                             **Honorable Denise Page Hood**

**v.**

**D-3   TANISHA SUMMERS,**

     **Defendant.**

_____

**ORDER**

     This matter is before the Court on Defendant Tanisha Summers Notice of Abatement (Motion), filed on February 20, 2007.  The Government filed a Response on February 22, 2007. The Court finds that the facts and legal analysis presented by the Government are correct and that this Court will not be significantly aided by oral argument.  Accordingly, pursuant to E.D. Mich. LR 7.1 (e)(2) and *Jahn v. Equine Services, PSC*, 233 F. 3d 382, 393 (6th Cir. 2000), it is ORDERED that this matter will be resolved on the briefs submitted by the parties.[1]  Defendant Tanisha Summers Notice of Abatement (Motion) is DENIED for the reasons set forth below.

     On August 23, 2006, Defendant Summers was charged in a second superseding indictment with seven counts of aiding and assisting in the preparation and presentation of false and fraudulent tax returns, in violation of 26 U.S.C. § 7206(2) and one count of conspiracy to defraud the United States, in violation of 18 U.S.C. §371.

     On October 25, 2006, Defendant was appointed counsel, Judith Gracey, Esq., who

---

[1]  Since this matter is decided on the briefs, the hearing on March 14, 2007 is cancelled.

subsequently moved to withdraw as Defendant's attorney and Jeffrey Edison, Esq. was appointed by this Court.

Defendant Summers filed the instant matter without the aid, advice or approval of her counsel, evidenced by the fact that Defense Counsel did not sign Defendant's Notice of Abatement.  While it is true that Defendant has a constitutional right to conduct her own defense, she does not have this right until she "clearly and unequivocally" informs this Court that she "knowingly and intelligently" waives her right to counsel and wishes to represent herself.  *See Fareta v. California*, 422 U.S. 806, 835; 95 S. Ct. 2525; 45 L. Ed. 2d 562 (1975).  At a prior hearing, Defendant Summers asserted her right to represent herself but thereafter agreed to representation by Mr. Edison.  Until Defendant so informs this Court, she is not permitted to proceed *pro se* when she has the assistance of counsel.  The law of this Circuit is clear in this regard.

> The right to defend *pro se* and the right to counsel have been aptly described as "two faces of the same coin," in that waiver of one right constitutes a correlative assertion of the other.  While it may be within the discretion of a District Court to permit both a criminal defendant and his attorney to conduct different phases of the defense in a criminal trial, for purposes of determining whether there has been a deprivation of constitutional rights a criminal defendant cannot logically waive or assert both rights.

*United States v. Mosely*, 810 F. 2d 93, 97 (6th Cir. 1987)(citing *United States v. Conder*, 423 F. 2d 904, 908 (6th Cir. 1970).

Accordingly,

IT IS ORDERED that Defendant's Notice of Abatement (Motion) [**Docket No. 74, filed February 20, 2007**] is DENIED WITHOUT PREJUDICE.

IT IS FURTHER ORDERED that should Defendant desire a *Faretta* hearing, she will

request one with the assistance of her court appointed counsel.

Dated: <u>March 9, 2007</u>                              <u>  /s/ Denise Page Hood          </u>
                                                        DENISE PAGE HOOD
                                                        United States District Court Judge

 

 

     I hereby certify that a copy of the foregoing document was served upon counsel of record on March 9, 2007, by electronic and/or ordinary mail.

                                                        <u>S/William F. Lewis                        </u>
                                                        Case Manager